[Sac. No. 670. Department One.—November 24, 1899.]

FRED H. DAY, Respondent, v. S. G. DUNNING, Appellant.

ELECTION—VALIDITY OF BALLOTS—EXCESS OF NAMES VOTED FOR—IDENTIFYING MARK.—Ballots cast for an excessive number of names for one office have only the effect, under section 1211 of the Political Code, to prevent the ballots from being counted for that office; and such excessive number of votes for one office does not constitute an identifying mark within the meaning of section 1215 of the same code, and does not destroy the validity of the ballot, or affect it in so far as properly cast for candidates for other offices.

ID.—CONSTRUCTION OF CODE—EXCEPTIONS AS TO IDENTIFYING MARKS.— The fact that the vote for an excessive number of names for one office might be used as an identifying mark does not affect the validity of the ballot in respect of other offices, such identifying marks being relieved from the operation of section 1215 of the Political Code by virtue of the more specific provision of section 1211 of that code, which is a limitation upon section 1215.

APPEAL from a judgment of the Superior Court of Yuba County. E. A. Davis, Judge.

The facts are stated in the opinion of the court.

W. H. Carlin, and J. E. Ebert, for Appellant.

W. T. Phipps, for Respondent.

GAROUTTE, J.—This appeal presents an election contest for the office of auditor and recorder of Yuba county. The consideration of a single question disposes of the merits of the litigation.

The trial court rejected thirteen ballots which had been voted for this appellant, upon the ground that they contained a mark which identified them. The face of these ballots disclosed that the voter had marked more names for a certain office than there were persons to be elected to that office, and this act of the voter was held to be a mark of identification. For illustration: in the city and county of San Francisco, eighteen supervisors are elected. If an elector voted for nineteen, the entire ballot should be rejected as containing an identifying mark. This contention of respondent, which was sustained by the trial court, cannot be approved, and a citation of the statutes of this state demonstrates its unsoundness.

Section 1215 of the Political Code, among other matters, declares: "No voter shall place any mark upon his ballot by which it may afterward be identified as the one voted by him." Section 1211 of the same code also declares: "If a voter marks more names than there are persons to be elected to an office . . . . his ballot shall not be counted for such office." It may be conceded that a vote for nineteen supervisors, when there are but eighteen to be elected, would be one way of identifying the ballot, but it would no more identify the ballot than if the voter had voted for seventeen supervisors. Yet clearly such action of the voter would not justify a rejection of the ballot. It is thus apparent that any and every mark upon a ballot which might possibly be used as an identification does not necessarily demand that the ballot be rejected; and when we read said section 1211 it is plain that the marks here involved do not come within the prohibition of section 1215. These two sections are not necessarily in conflict. Force and effect may be given to both, and under such conditions force and effect must be given to both. If the marks upon these ballots in any sense may be said to be identifying marks, then they are relieved from the force and effect of section 1215 by

virtue of the provisions of section 1211.   Section 1215 is general in its nature, and covers a broad field.   Section 1211 is special in its nature, and directed to a single object and purpose.   It is essentially a limitation upon section 1215, and must be held controlling.

Section 1211, by all rules of construction, is susceptible of but a single meaning.   It means that the ballot must be rejected as to the particular office where more than the number of names allowed by law are voted for that office, and that it must be counted as to all other names for all other offices.   This is as plain as though it were declared in direct and positive language.   The statute means this, or it means nothing.   Any other construction would involve a contradiction, even an absurdity.   If these crosses constitute an identifying mark forbidden by the statute, then the ballot could not be counted for any office by virtue of section 1215; and it was idle and absurd legislation to enact section 1211, declaring that such a ballot should not be counted for any person for that *particular office.* Counsel for respondent declares the portion of section 1211 here involved to be inadvertent legislation.   The soundness of this claim is not made plain to us, but, however that may be, if there was inadvertent legislation it is inadvertence that may only be effectively cured by the law-making body of the state.

Various cases from other states are cited by both parties to this appeal, which bear upon the question here under consideration.   It is unnecessary to review those authorities.   Our statute is succinct and controlling, and, tested by its provisions, these thirteen ballots should have been counted for appellant. Respondent was declared elected by a plurality of nine votes. The conclusion arrived at demands a reversal of the judgment.

For the foregoing reasons it is so ordered.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.